UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TED ALVIN KLAUDT, <br><br>  Plaintiff, <br><br> vs. <br><br> KATHLEEN F. TRANDAHL Circuit Court Judge, Sixth Judical Circuit, Winner, in her individual and official capacity; JOHN L. BROWN, Circuit Court Judge, Sixth Judicial Circuit, Pierre, in his individual and official capacity; KELLI SITZMAN, Hughes County Clerk of Courts, in her individual and official capacity, <br><br>  Defendants. | 3:16-CV-03005-KES <br><br><br> ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO DISQUALIFY JUDGE |

Plaintiff, Ted Alvin Klaudt, is an inmate at Mike Durfee State Prison in Springfield, South Dakota. Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 2. Plaintiff also moves to disqualify Judge Karen E. Schreier. Docket 7.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate

pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Plaintiff has reported average monthly deposits to his prisoner trust account of $93.34 and an average monthly balance of $76.93. Docket 3. Based on this information, the court grants plaintiff leave to proceed in forma pauperis provided he pays an initial partial filing fee of $18.66, which is 20 percent of $93.34. Plaintiff must pay this initial partial filing fee by March 4, 2016. If the court does not receive payment by this deadline, this matter will be dismissed. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the

prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

Plaintiff also moves to disqualify Judge Schreier from his case. The decision to recuse is committed to "the sound discretion of the district court . . . ." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (citing *In re Kansas Pub. Employees Retirement Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). "A judge 'shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.' " *Id.* (quoting 28 U.S.C. § 455(a)). The court has considered the motion. Plaintiff fails to set forth adequate grounds to require Judge Schreier's recusal. Accordingly, it is ORDERED

1. Plaintiff's motion to disqualify judge (Docket 7) is denied.
2. Plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is granted. **Plaintiff will make an initial partial payment of $18.66 by March 4, 2016**, made payable to the Clerk, U.S. District Court. If the initial partial filing fee is not received by the specified deadline, the case **will be dismissed**.

3. After payment of the initial partial filing fee, plaintiff's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

4. The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

5. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 4, 2016: initial partial filing fee payment due.

6. Plaintiff will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated February 4, 2016.

                                          BY THE COURT:

                                          /s/ *Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE